UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEANN G. GRAHAM,

        Plaintiff,

    v.                                                 CAUSE NO. 3:21-CV-888 DRL-MGG

FREDERICK D. PAYNE,

        Defendant.

## OPINION AND ORDER

DeAnn Graham, proceeding *pro se*, filed a complaint against Frederick Payne, the Commissioner of the Indiana Department of Workforce Development, alleging constitutional violations for discriminatory deprivation of unemployment benefits owed to her under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act). She brings her claims under 18 U.S.C. § 242 and 42 U.S.C. § 1983. Commissioner Payne moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6). The court now grants the motion.

## STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face and raises a right to relief above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires

the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quotations and citations omitted). Ms. Graham, who has litigated in this district before, timely filed a response to the motion and then effectively a surreply (albeit without leave of court).

In her complaint, Ms. Graham relies on both 18 U.S.C. § 242 and 42 U.S.C. § 1983. There is no private right of action under 18 U.S.C. § 242, *Nasserizafar v. Ind. Dep't of Transp.*, 546 F. Appx. 572, 574 (7th Cir. 2013), so the only vehicle for her constitutional claims is 42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983, Ms. Graham must establish that Commissioner Payne deprived her of a constitutional right while acting under color of state law. *See Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Section 1983 does not create a substantive right but "merely provides a mechanism for enforcing individual rights secured elsewhere, *i.e.*, rights independently secured by the Constitution and laws of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (quotations omitted). "One cannot go into court and claim a 'violation of § 1983' – for § 1983 by itself does not protect anyone against anything." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979).

Ms. Graham does not allege a constitutional violation; nor does she plead any facts to support a plausible constitutional violation. She says Commissioner Payne committed "Color of Law Violations," "discriminatory actions," and deprived her of "a right protected by the Constitution or U.S. law" [ECF 1-1 ¶¶ 1, 4]. She alleges a deprivation of pandemic unemployment assistance, pandemic emergency unemployment compensation, and federal pandemic unemployment compensation, and says these deprivations were contrary to her constitutional rights [ECF 1-1 ¶ 1], but never explains why.

She does not allege any specific acts by Commissioner Payne that were allegedly unconstitutional or discriminatory, what basis she was discriminated against, or how long and how much she was deprived of these benefits. Without more, these are ambiguous legal conclusions that fail to meet the pleading requirements of Fed. R. Civ. P. 8. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Without presenting facts that a specific right was violated, Ms. Graham failed to demonstrate entitlement to relief above the speculative level under the vehicle of 42 U.S.C. § 1983.

Even if Ms. Graham alleged sufficient facts to allow the court and the defendant to understand the gravamen of her complaint, *see Doherty v. City of Chi.*, 75 F.3d 318, 326 (7th Cir. 1996), she could not separately bring a private right of action under the CARES Act. Private rights of action are created through statute by Congress. When a certain statute has not created a private right, it is not the proper function of federal courts to infer the existence of such a right. *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1015 (2020). Although the court of appeals has not addressed this question, several district courts have held that there is no private right of action under the CARES Act. *See, e.g., Walters v. Mnunchin*, 2021 U.S. Dist. LEXIS 98649, 9 (N.D. Ind. May 25, 2021); *Harden v. Yellen*, 2021 U.S. Dist. LEXIS 73387, 5 (E.D. Wisc. Apr. 16, 2021); *Coy v. Trump*, 2021 U.S. Dist. LEXIS 48364, 8 n.1 (N.D. Cal. Mar. 15, 2021); *Strange v. Kiowa Tribe of Okla.*, 2021 U.S. Dist. LEXIS 55875, 10–11 (W.D. Okla. Jan. 27, 2021).

Commissioner Payne also argues that Ms. Graham did not provide a jurisdictional statement as required by Fed. R. Civ. P. 8(a)(1). Rule 8 "requires a short and plain statement of the jurisdictional basis, which, however, must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *McCready v. eBay, Inc.*, 453 F.3d 882, 890-91 (7th Cir. 2006) (quotations omitted). Ms. Graham failed to satisfy the requirement of Rule 8(a)(1) because she did not

3

provide a "short and plain statement" of this court's jurisdiction to hear the matter. That is no small concern when the complaint alleges no federal jurisdictional hook. Her surreply may provide additional facts, but a pleading must be stated in a complete whole.

"Unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss," *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519-20 (7th Cir. 2015) (emphasis in original), particularly when the plaintiff is proceeding *pro se*, *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024–25 (7th Cir. 2013). The general rule of approaching pleadings with liberality paired with a *pro se* plaintiff warrants leave to amend because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish*, 898 F.3d at 738.

Accordingly, the court will grant Ms. Graham leave to file an amended complaint. *See id.* She is encouraged to use the court's standard civil complaint form to prepare her amended complaint and provide as many *facts* describing what transpired as to how and on what basis Commissioner Payne discriminated against her. There must be sufficient facts pleaded to allow the court and the defendant to understand the gravamen of her complaint and determine if she is able to state a claim entitling her to relief. *See Doherty*, 75 F.3d at 326. She must also include a jurisdictional statement as required by Rule 8(a)(1).

On March 16, 2022, Commissioner Payne filed a motion to strike Ms. Graham's surreply. Surreplies are not contemplated in the local rules. Courts may, however, allow a party to file a surreply if it "raises or responds to some new issue or development in the law." *Merrill Lynch Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 2009 U.S. Dist. LEXIS 104990, 2 (N.D. Ind. Nov. 9, 2009). "Even if a party raises new issues in its reply, the opposing party is not permitted to submit a surreply absent leave of the court." *Risner v. City of Crown Point*, 2010 U.S. Dist. LEXIS 100064, 11 (N.D. Ind. Sep. 21, 2010)

(citing *Cleveland v. Porca*, 38 F.3d 289, 297 (7th Cir. 1994)). Nevertheless, motions to strike are generally disfavored because they can potentially only serve to delay. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Her surreply did not raise or address new issues or evidence; and, even as considered, it fails to save this complaint. Consequently, it is not outcome determinative and has no bearing on today's decision, so the court denies the motion to strike as moot.

## CONCLUSION

Accordingly, the court GRANTS Commissioner Payne's motion to dismiss [ECF 9], AFFORDS Ms. Graham leave to amend her complaint on or before April 7, 2022, and DENIES AS MOOT Commissioner Payne's motion to strike [ECF 14]. The court CAUTIONS Ms. Graham that the failure to file a timely amended complaint will result in the dismissal of this case without further notice.

SO ORDERED.

March 17, 2022                                     *s/ Damon R. Leichty*
                                                   Judge, United States District Court